REQUESTED BY: Dear Senator:
You have asked whether or not proposed amendments to LB 64 which would provide for a mandatory death penalty would be constitutional. For the reasons discussed below we believe that they would not withstand a constitutional attack.
Your proposed amendments make death penalty a mandatory punishment for those categories of first degree murder encompassed by the special circumstances enumerated in Section 3 of the proposed amendments. On March 3, 1976, in Opinion No. 189, this office replied to your request for an opinion as to the constitutionality of amendments that are nearly identical to those about which you now ask. That opinion was issued in light of the United States Supreme Court case of Furman v. Georgia, 408 U.S. 238, 33 L.Ed.2d 346,92 S.Ct. 2726 (1972). Based upon the Furman, supra, case we stated that we could not say that the standards set forth in Section 3 were arbitrary or leave discretion to the court or jury. The amendments that you now submit to us for examination are nearly identical to those submitted last year. Since the issuance of that opinion the Supreme Court of the United States has again spoken out on the issue of death penalty. Because of the holdings in those five cases decided by the United States Supreme Court we would find that your proposed amendments could not withstand a constitutional attack.
Your proposed amendments make death a mandatory punishment for those categories of first degree murder encompassed by the special circumstances enumerated in Section 3 of the proposed amendments. The proposed amendments have no provision for the trier of fact to consider evidence of mitigating circumstances as to the offense or as to the personal characteristics and prior criminal history of the defendant. The Supreme Court of the United States in the case ofWoodson v. North Carolina, ___ U.S. ___, 96 S.Ct. 2978,49 L.Ed.2d 944 (1976), and Roberts v. Louisiana, ___ U.S. ___,96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), has held that mandatory death penalty statutes which do not allow for the trier of fact to take into consideration mitigating circumstances are unconstitutional as they allow arbitrary imposition of the death penalty in violation of the Eighth andFourteenth Amendments to the United States Constitution. In both the cases of Woodson v. North Carolina and Roberts v.Louisiana, the Supreme Court was faced with a situation in which the state Legislatures of North Carolina and Louisiana had passed statutory schemes for the imposition of the death penalty which did not provide for the consideration of the relevant facets of the character and record of the individual offender or the circumstances of that particular offense. In Woodson v. North Carolina, the Supreme Court of the United States said:
 "A third constitutional shortcoming of the North Carolina statute is its failure to allow the particularized consideration of relevant aspects of the character and record of each convicted defendant before the imposition upon him of a sentence of death. In Furman, members of the Court acknowledged what cannot fairly be denied that death is a punishment different from all other sanctions in kind rather than degree. [Citation omitted.] A process that accords no significance to relevant facets of the character and record of the individual offender or the circumstances of the particular offense excludes from consideration in fixing the ultimate punishment of death the possibility of compassionate or mitigating factors stemming from the diverse frailties of humankind. It treats all persons convicted of a designated offense not as uniquely individual human beings, but as members of a faceless, undifferentiated mass to be subjected to the blind infliction of the penalty of death.
 "This Court has previously recognized that `[f]or the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender." [Citation omitted.]
 Consideration of both the offender and the offense in order to arrive at a just and appropriate sentence has been viewed as a progressive and humanizing development. [Citations omitted.] While the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative, we believe that in capital cases the fundamental respect for humanity underlying the Eighth Amendment, see Trop v. Dulles, 356 U.S., at 100, 2 L Ed 2d 630, 78 S Ct 590 (plurality opinion), requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death.
 "This conclusion rests squarely on the predicate that the penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two. Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case.
 "For the reasons stated, we conclude that the death sentences imposed upon the petitioners under North Carolina's mandatory death sentence statute violated the Eighth and Fourteenth Amendments and therefore must be set aside. The judgment of the Supreme Court of North Carolina is reversed insofar as it upheld the death sentences imposed upon the petitioners, and the case is remanded for further proceedings not inconsistent with this opinion."
In light of the Woodson v. North Carolina andRoberts v. Louisiana cases and in particular the material quoted above, it would appear that your proposed amendments could not withstand constitutional challenge because they are without a provision for the trier of facts to consider evidence of mitigating circumstances as to the offense or as to the personal characteristics and prior criminal activity of the defendants. We might further point out that your proposed amendments are very nearly identical to the California death penalty statutes which were ruled unconstitutional by the California Supreme Court in the case ofRockwell v. Superior Court of Ventura County, 134 Cal. 650, 556 P.2d 1101 (1976). Since your proposed amendments are so nearly identical to the California statutes ruled unconstitutional in the Rockwell case, you may want to review the Rockwell case in depth.
Section 7 of your proposed amendments provides in part:
 ". . . No plea of guilty of a felony for which the maximum punishment is death or life imprisonment shall be received from a defendant who does not appear with counsel, nor shall any such plea be received without the consent of the defendant's counsel. . . ." Section 8 of your proposed amendments provides that:
 "Nothing in this act shall be construed to require a defendant to appear in any proceedings under this act with counsel, if such defendant has voluntarily and intelligently elected to proceed in person without counsel."
It would appear that Section 7 and Section 8 are in direct conflict. One section indicates that a plea of guilty may not be entered without the appearance of defendant's counsel and without that counsel's consent and the other section indicates that nothing in this act shall be construed to require what is required in Section 7. This conflict in a criminal statute is most certainly vague. Furthermore, the Supreme Court of the United States in Faretta v.California, ___ U.S. ___, 45 L.Ed.2d 562, 95 S.Ct. ___ (1975), held that even though the Sixth and Fourteenth Amendments to the United States Constitution guarantee that due process requires that a person brought to criminal trial must be afforded the right to the assistance of counsel that nevertheless, a defendant in such a case has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. In addition to the Faretta,supra, case, Article I, Section 2 of the Nebraska Constitution provides that:
 "In all criminal prosecution the accused shall have the right to appear and defend in person or by counsel, . . ."
In light of the Faretta case and the Nebraska Constitution we do not believe that counsel may be imposed upon a defendant who voluntarily and intelligently wishes to proceed on his own and therefore Section 7 of your proposed amendments would be unconstitutional.
In light of the above discussion it is our opinion that your proposed amendments to LB 64 could not withstand a constitutional attack.